IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY and CHRISTIE FORD, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BAC HOME LOANS SERVICING LP., )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br><br>CV-2011- 11-419 |

## COMPLAINT

**NOW COME** Plaintiffs, **Billy and Christie Ford**, and as their Complaint against the Defendant BAC Home Loans Servicing LP., avers as follows:

### INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiffs' mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2.  Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

### THE PARTIES

3.  Plaintiffs are adult residents of Mobile County, Alabama.

4. BAC Home Loans Servicing, LP ("BAC") is a New York corporation, with its principal place of business in California. BAC does business in the State of Alabama.

## FACTUAL ALLEGATIONS

5. On August 20, 2007, Plaintiffs executed a real estate mortgage with First Federal Bank in the amount of $115,027.

6. On January 19, 2011 beneficial interest in the Plaintiffs' mortgage and note was assigned to BAC. A written Assignment identifying BAC as the assignee was executed on January 19, 2011 and recorded in the probate office of Mobile County, Alabama on or about January 27, 2011.

7. The mortgage loan at issue was secured by the Plaintiffs' principal residence.

8. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> **(g) Notice of new creditor**
> **(1) In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.
>
> **(2) Definition**

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9.   BAC failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10.   Plaintiffs reallege the allegations above as if fully set out herein.

11.   With respect to Plaintiffs, BAC received by assignment a beneficial interest in their mortgage and note.

12.   BAC is a "creditor" within the meaning of 15 U.S.C. § 1641(g).

13.   Said mortgage secures an interest in real estate which is used by Plaintiffs as thier principal dwelling.

14.   Upon receipt of that assignment BAC was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15.   BAC failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demand judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffs

**OF COUNSEL**

3

Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

BAC Home Loan Servicing, LP
c/o The Corporation Company
2000 Interstate Park Drive
Montgomery, AL 36109

2011006050 Book-6745 Page-1930
Total Number of Pages: 5

State of Alabama-Mobile County
I certify this instrument was filed on:
January 27, 2011 @ 2:56:22 PM
S.R. FEE $2.00
RECORDING FEES $13.50
TOTAL AMOUNT $15.50

2011006050
Don Davis, Judge of Probate

| STATE OF ALABAMA | ) |
| COUNTY OF MOBILE | ) |

1350
200
1550

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto BAC HOME LOANS SERVICING, L.P. (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by BILLY O. FORD, JR. AND CHRISTIE L. FORD, HUSBAND AND WIFE, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR FIRST FEDERAL BANK dated August 20, 2007, and filed for record in Book 6245, Page 1271, in the Probate Office of Mobile County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has caused this conveyance to be executed by Andy Saag, as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., pursuant to that certain Agreement for signing attached hereto as Exhibit A and fully incorporated herein. This Assignment executed on this the 19th day of January, 2011.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Andy Saag
Assistant Secretary and Vice President of
Mortgage Electronic Registration Systems, Inc.

| STATE OF ALABAMA | ) |
| COUNTY OF JEFFERSON | ) |

I, Laurel Jackson Sims, a Notary Public in and for said County in said State, hereby certify that Andy Saag, whose name as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer, and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the 19th day of January, 2011.

_____
Notary Public

MY COMMISSION EXPIRES SEPTEMBER 17, 2014
My Commission Expires: _____

This instrument prepared by:
Andy Saag
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255
Sirote #: 161594





Exhibit A

## AGREEMENT FOR SIGNING AUTHORITY

**MERSCORP, INC.** ("MERS") and its subsidiary, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC Home Loans Servicing, LP** ("MEMBER") and **Sirote & Permutt, PC** ("VENDOR") hereby agree as follows:

1. The purpose of this agreement for signing authority (the "Agreement") is to define the rights and obligations of the parties when Vendor performs certain duties, as described in the attached corporate resolution (the "Resolution"), relating to mortgage loans that are registered on the MERS® System and shown on the MERS® System to be serviced by Member.

2. **BAC Home Loans Servicing, LP** is a member of MERS, and has signed an agreement of membership that is incorporated herein by reference. Member has entered into a separate contract with Vendor to perform certain services for Member. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust, respectively, and any other form of security instrument under applicable state law.

3. The parties acknowledge that Mortgage Electronic Registration Systems, Inc. may be the mortgagee of record on Member's mortgages. Therefore, in order for Vendor to perform its contractual duties to Member, MERS, by corporate resolution, will grant employees of Vendor the limited authority to act on behalf of MERS to perform certain duties. Such authority is set forth in the Resolution, which is made a part of this Agreement.

4. The parties agree that Member will provide all necessary information and instructions to Vendor to perform certain duties where Mortgage Electronic Registration Systems, Inc. acts as the mortgagee of record. All parties agree that MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. are not responsible for the accuracy of any information provided by Member to Vendor, or any information entered into the MERS® System by or on behalf of Member. Any problems regarding the information or instructions between Member and Vendor must be resolved between those two parties.

5. Member and Vendor agree to indemnify and hold harmless MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. and any employee, director, officer, agent or affiliate of MERSCORP, Inc. or Mortgage Electronic Registration Systems, Inc. ("MERS Party") from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses that result from the negligence, errors and omissions, breach of confidentiality or willful misconduct of Vendor in performing certain duties where Mortgage Electronic Registration Systems, Inc. is the mortgagee of record.

6. Vendor shall maintain appropriate insurance coverage that shall include coverage for any negligence, errors and omissions or willful misconduct of all employees authorized to sign as officers of Mortgage Electronic Registration Systems, Inc.

7. Upon termination of the contract between Member and Vendor, this agreement shall concurrently terminate and the corporate resolution shall be revoked at such time.

8. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

The parties have executed this Agreement intending to be bound as of the dates indicated below.

**MERSCORP, INC.**

By: _[signature]_

Title: Vice President

Dated: 5-12-09

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By: _[signature]_

Title: Secretary/Treasurer

Dated: 5-12-09

**BAC Home Loans Servicing, LP**

By: _[signature]_ Jeannette Grodsky

Title: SVP

Dated: 5/1/09

**Sirote & Permutt, PC**

By: _[signature]_

Title: Shareholder

Dated: 4/28/09

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employee(s) of **Sirote & Permutt, PC** and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc., and as such, are authorized to:

Execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

Assign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to **BAC Home Loans Servicing, LP** or its designee.

I, **William C. Hultman**, being the **Corporate Secretary** of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the 12 day of May, 2009, which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____
Secretary

**Sirote & Permutt, PC**
(for BAC Home Loans Servicing, LP #1000157)

# Mortgage Electronic Registration Systems, Inc.
## Certifying Officers
(effective 06/09/2010)

Jerry E. Held

Ginny C. Rutledge

Stephen G. Collins

Andy Saag

Colleen McCullough

Cynthia W. Williams