IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BILLY FORD**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0419-WS-N |
| | ) |
| **BAC HOME LOANS SERVICING, LP,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Motion to Stay (doc. 16).

As grounds for their Motion, the parties state that they are presently involved in settlement negotiations in an attempt to resolve both this action and parallel state-court proceedings. The parties represent that their ongoing negotiations are complex, and request that they be given an opportunity to focus their efforts on exploring settlement possibilities now before expending further resources in briefing the pending Motion to Dismiss.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is

---

[1] *See also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."); *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court).

appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).[2]

Under the circumstances presented here, the Court agrees that a stay is warranted. This action is at an early stage, such that a stay would not disrupt existing pretrial schedules. No party will be prejudiced; indeed, both sides have specifically requested entry of a stay. There is no reason to believe that this request is a delay tactic, is imposed for an improper purpose, or is the product of anything other than good faith. Moreover, the parties are confronted with litigating a pending Rule 12(b) motion, at nontrivial expense and effort to themselves, that may be mooted if their ongoing negotiations are successful. In short, there appear to be considerable benefits to entering a temporary stay at this time to enable the parties to focus their efforts on reaching an amicable resolution without being distracted by the press of litigation as this action spins up to "full speed ahead" status. The Eleventh Circuit has deemed stays for such purposes to be appropriate and proper. *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate").

For all of the foregoing reasons, the Joint Motion to Stay (doc. 16) is **granted**. It is **ordered** as follows:

1. This action is **stayed** in its entirety through **November 21, 2011**, at which time the stay will expire by its terms;

---

[2] *See also Teleconference Systems v. Proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp.2d 321, 326 (D. Del. 2009); *Ortega v. J.B. Hunt Transport, Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009); *Tomco Equipment Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp.2d 1303, 1307 (N.D. Ga. 2008).

-3-

2. The parties must file a joint status report concerning their settlement negotiations by no later than **November 21, 2011**, and identifying any requested court action to facilitate or memorialize those efforts;

3. The briefing schedule on the pending Motion to Dismiss is **amended** to provide that plaintiffs' response must be filed on or before **November 22, 2011**, with any reply by defendant to be due on **November 30, 2011**; and

4. The parties' deadline for filing their Rule 26(f) Report is **extended** through and including **November 30, 2011**.

DONE and ORDERED this 25th day of October, 2011.

                                       s/ WILLIAM H. STEELE
                                       CHIEF UNITED STATES DISTRICT JUDGE